**Timothy TIJERINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–06–00527–CR.**

Court of Appeals of Texas,
San Antonio.

May 28, 2008.

Discretionary Review Refused
Oct. 8, 2008.

Roderick B. Glass, Assistant Public Defender, San Antonio, TX, for Appellant.

Rene M. Pena, Criminal District Attorney, Marc S. Ledet, Assistant District Attorney, Floresville, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, concurring without opinion, SANDEE BRYAN MARION, Justice, STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

Opinion by STEVEN C. HILBIG, Justice.

Appellant Timothy Tijerina was indicted for the offenses of intoxication assault and felony murder. The State elected to proceed on the charges of intoxication assault and the lesser included offense of intoxication manslaughter, instead of felony murder. Tijerina waived his right to a jury trial and entered an open plea of guilty to both offenses and entered a plea of true on an enhancement allegation.[1]

---

1. Tijerina's appeal from the judgment on the intoxication manslaughter charge was previ-

For the plea to the charge of intoxication assault, Tijerina was sentenced to fifteen years in the Texas Department of Criminal Justice—Institutional Division, to be served concurrently with the sentence imposed for intoxication manslaughter. Tijerina appeals the judgment contending the evidence is legally and factually insufficient to sustain his conviction. We affirm the trial court's judgment.

## BACKGROUND

According to the indictment, on January 29, 2005, Tijerina was driving while intoxicated and caused an accident involving two other vehicles. The trial record contains a report from the Department of Public Safety reflecting that witnesses saw Tijerina traveling at a high rate of speed on the wrong side of the road before the accident. According to the report, Tijerina's vehicle was traveling eastbound in the westbound lane and struck a vehicle driven by Rebecca Alaquinez. Jaime Gaitan, a San Antonio police officer on his way to work, was behind Alaquinez when Tijerina hit her. He was unable to avoid striking Alaquinez's vehicle. When Officer Valerie Galvan arrived on the scene, she found Tijerina and Alaquinez trapped in their vehicles. According to Officer Galvan, Gaitan "sustained no injuries and was walking around and assisting." Tijerina and Alaquinez were transported to San Antonio via Airlife. Tijerina was eventually released from the hospital; Alaquinez died. When the district attorney's office obtained Tijerina's medical records, it found his "blood alcohol content was .17." Tijerina was subsequently indicted for intoxication assault with regard to Gaitan and felony murder with regard to Alaquinez.

## ANALYSIS

Tijerina contends the evidence is legally and factually insufficient to support his conviction for intoxication assault. Specifically, he argues the evidence is insufficient because there was no evidence to establish Gaitan suffered serious bodily injury as required for conviction of intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07 (Vernon Supp.2007).

 We must begin by determining the proper standard of review. Tijerina and the State assert the traditional standards of review for legal and factual sufficiency apply in this case. *See, e.g., Prible v. State,* 175 S.W.3d 724, 729–30 (Tex. Crim.App.), *cert. denied,* 546 U.S. 962, 126 S.Ct. 481, 163 L.Ed.2d 367 (2005) (holding that when reviewing evidence for legal sufficiency, appellate court reviews all of evidence in light most favorable to verdict to determine whether any rational trier of fact could have found essential elements of offense beyond reasonable doubt); *Watson v. State,* 204 S.W.3d 404, 414–25 (Tex. Crim.App.2006) (holding that when reviewing evidence for factual sufficiency, appellate court reviews all of evidence in neutral light and sets aside verdict only if evidence is so weak that verdict is clearly wrong and manifestly unjust, or contrary evidence is so strong that standard of proof beyond a reasonable doubt could not have been met). However, these traditional standards do not apply to non-capital felony cases when the defendant enters a plea of guilty or nolo contendere. *Ex parte Martin,* 747 S.W.2d 789, 791 (Tex.Crim. App.1988); *Ex parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App.1986); *McGill v. State,* 200 S.W.3d 325, 329–30 (Tex.App.– Dallas 2006, no pet.). The entry of a valid guilty plea "has the effect of admitting all

ously disposed of by this court. *See Tijerina v. State,* No. 04–06–00526–CR, 2007 WL 2187044 (Tex.App.–San Antonio Aug. 1, 2007, pet. stricken) (mem. op.) (not designated for publication).

material facts alleged in the formal criminal charge." *Williams,* 703 S.W.2d at 682. Once the defendant enters a valid guilty plea in a bench trial, the State is no longer constitutionally required to prove guilt beyond a reasonable doubt. *Id.*; *McGill,* 200 S.W.3d at 329–30. Thus no constitutional fact questions remain for the purposes of a constitutional right to a sufficiency review on appeal. *See Williams,* 703 S.W.2d at 682; *McGill,* 200 S.W.3d at 330. "In fact, for purposes of federal due process, a plea of guilty is itself a conviction awaiting only determination of punishment." *McGill,* 200 S.W.3d at 330 (citing *Boykin v. Alabama,* 395 U.S., 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). However, in Texas the State is statutorily required to support a guilty plea with evidence. Article 1.15 of the Texas Code of Criminal Procedure provides, in pertinent part:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury ... provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). So, while "[a] plea of guilty is an admission of guilt of the offense charged," a conviction on such a plea is not authorized "unless there is evidence offered to support such plea and the judgment to be entered." *Dinnery v. State,* 592 S.W.2d 343, 351 (Tex.Crim.App.1980) (op. on reh'g). The State is required to introduce supporting evidence that "embrace[s] every essential element of the offense charged." *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App.1996); *Chindaphone v. State,* 241 S.W.3d 217, 219 (Tex.App.–Fort Worth 2007, pet. ref'd); *Breaux v. State,* 16 S.W.3d 854, 857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). Accordingly, our review is limited to a determination of whether the State introduced evidence of guilt embracing every essential element of the offense charged. *See id.;* TEX.CODE CRIM. PROC. ANN. art. 1.15.

■ In support of Tijerina's guilt, the State introduced into evidence its Exhibit A, which included the "Written Waiver and Consent to Stipulations and Stipulations" sworn to by Tijerina. In the Written Waiver and Consent to Stipulations and Stipulations, Tijerina swore he was "the identical person named in the indictment in this cause; and that [he] judicially confesses that all the acts, charges, and allegations in said indictment are true and correct." The indictment in this case stated, with regard to intoxication assault:

> ... Timothy Tijerina (hereinafter called Defendant), did then and there ... operate a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, and did by reason of such intoxication **cause serious bodily injury to another, namely Jaime Gaitan,** by accident or mistake,

to wit: by causing said motor vehicle to collide with a vehicle occupied by Rebecca Alaquinez.

(emphasis added)

By swearing the allegations in the indictment were true, Tijerina judicially confessed that he caused serious bodily injury to Gaitan. *See Dinnery*, 592 S.W.2d at 353; *Potts v. State*, 571 S.W.2d 180, 182 (Tex.Crim.App. [Panel Op.] 1978). "It is well settled that a judicial confession standing alone, is sufficient to sustain a conviction upon a guilty plea." *Id.* (citations omitted); *see Pitts v. State*, 916 S.W.2d 507, 510 (Tex.Crim.App.1996); *Chindaphone*, 241 S.W.3d at 219. In other words, a judicial confession satisfies the State's burden under article 1.15. *Id.*

Tijerina argues the evidence is not sufficient to sustain the conviction because Officer Galvan's offense report, which was included in State's Exhibit A, indicates Gaitan was not injured. The record does not contain any other information regarding any injuries Gaitan may have suffered. At most, the offense report and the judicial confession contain conflicting evidence, and under well-settled Texas law the judicial confession is sufficient to meet the requirements of article 1.15 and to sustain the conviction.[2] *See Stone*, 919 S.W.2d at 427; *Dinnery*, 592 S.W.2d at 353. We affirm the trial court's judgment.

---

[2]. If Gaitan did not suffer serious bodily injury, the conviction should not stand and Tijerina would be able to raise either an actual innocence or an ineffective assistance of counsel claim by means of a writ of habeas corpus. *See, e.g., Ex parte Brooks*, 219 S.W.3d 396 (Tex.Crim.App.2007); *Robinson v. State*, 16 S.W.3d 808 (Tex.Crim.App.2000). However, neither of those claims are raised in this appeal and the issues are not before us.