MEMORANDUM OPINION

 

No. 04-08-00919-CR

 

Michael JOHNSON,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 399th
Judicial District Court, Bexar County, Texas

Trial Court No. 2007-CR-2356

Honorable Juanita A.
Vasquez-Gardner, Judge Presiding

 

Opinion by:     Marialyn Barnard, Justice

 

Sitting:                        Catherine Stone, Chief
Justice

                        Karen
Angelini, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:  August 18, 2010

 

AFFIRMED

 

Without the benefit of a plea bargain, appellant
Michael Johnson entered a plea of guilty to the offense of aggravated robbery,
and agreed to an affirmative deadly weapon finding.  The trial court found
Johnson guilty, made an affirmative deadly weapon finding, and sentenced
Johnson to confinement in the Texas Department of Criminal
Justice-Institutional Division for twenty-five years.  Johnson’s appointed
appellate counsel filed a brief in which she asserted she could find no
arguable grounds for appeal.  See Anders v. California, 386 U.S. 738 (1967).  Thereafter, Johnson filed a
brief on his own behalf, and therein contends: (1) he was denied the right to a
speedy trial, (2) he was erroneously denied a “lesser included charge on
robbery” pursuant to the test established in Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1981), and (3) the
evidence was legally and factually insufficient to find him guilty of the
offense of aggravated robbery with a deadly weapon.  We affirm.  

Background

Johnson pled guilty, and stipulated to the evidence
against him.  We have derived the background facts from the stipulated
evidence, which consists of a police report and a transcription of a statement
Johnson gave to police after his arrest.  

On December 14, 2006, John Knight was working in his
garage on an antique pickup truck.  Knight heard someone walking along the side
of his house, and when he looked up, he saw a man standing in his garage.  The
man pointed a shotgun at Knight.  A second man, who had a windbreaker partially
covering his face, walked into the garage.  The man with the shotgun told
Knight to give him the keys to the truck and his money.  When Knight advised
the man that he was “broke,” the gunman forced him to empty his pockets and
prove his wallet was empty.  Assured the victim had no money, the gunman again
demanded the truck keys, which Knight tossed toward the gunman.  The keys fell
on top of a lawn mower, and were picked up by the man with the windbreaker. 
The gunman told the man with the windbreaker “to go start the truck, Cuz,”
which he did.  The truck taken by the robbers was not the antique pickup truck,
but a 1998 Chevrolet pickup truck, which was parked in the driveway.  As the
robbers left, the gunman advised Knight not to call police or tell anyone or
Knight would be killed.  The gunman stated “his people” knew where Knight lived
and would come back and kill Knight if he told.  

Despite the gunman’s warnings, Knight called the
police.  Deputies from the Bexar County Sheriff’s Department arrived and took a
report.  Police subsequently recovered the 1998 Chevrolet pickup truck, but it
had been driven into a tree.  Ultimately, Knight identified Johnson as the
gunman from a photographic array prepared by law enforcement.  

After he was identified by Knight, police interviewed
Johnson and transcribed his statement.  Johnson admitted taking the pickup
truck, and threatening to kill Knight if he refused to turn over the keys or
called police, but Johnson denied having a shotgun.  Johnson was indicted by a
grand jury for the offense of aggravated robbery with a deadly weapon.  He pled
guilty without a plea bargain agreement, and the trial court found him guilty
and sentenced him to confinement in the Texas Department of Criminal
Justice–Institutional Division for twenty-five years.  

Speedy Trial

Johnson first contends he was denied the right to a
speedy trial in contravention of the Sixth Amendment of the United States
Constitution and Article I, section 10 of the Texas Constitution.  Johnson
argues that his incarceration for almost two years from the time of his arrest
to the day of sentencing violated his constitutional rights.  

Under
the Sixth Amendment to the United States Constitution, an accused is guaranteed
the right to a speedy trial.[1]
 Cantu v. State, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).  This right
attaches once a person becomes an
“accused,” i.e., when he is arrested or charged.  Id.  Appellate courts
analyze speedy trial claims “on an
ad hoc basis,” weighing and then balancing the four factors set forth in Barker
v. Wingo: (1) the length of the delay, (2) the reason for the delay, (3)
the assertion of the right, and (4) the prejudice to the accused.  Id.; see
Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).  Although the State has the
burden to justify the length of the delay, the defendant must prove assertion
of the right and demonstrate prejudice.  Cantu, 253 S.W.3d at 281.  The
defendant’s burden “varies inversely” with the State's degree of culpability
for the delay.  Id. (quoting Robinson v. Whitley, 2 F.3d 562, 570
(5th Cir.1993)).  “Thus, the greater the State’s bad faith or official
negligence and the longer its actions delay a trial, the less a defendant must
show actual prejudice or prove diligence in asserting his right to a speedy trial.”  Id. at 280-81. 


The Barker analysis is triggered when the delay
is sufficiently unreasonable so as to be “presumptively prejudicial.”  Id.
at 281 (quoting Doggett v. United States, 505 U.S. 647, 652 n. 1, 112
S.Ct. 2686, 120 L.Ed.2d 520 (1992)).  Although there is no set time, a delay of
four months is insufficient for presumptive prejudice, but a delay of seventeen
months is sufficient.  Cantu, 253 S.W.3d at 281 (citing Pete v. State,
501 S.W.2d 683, 687 (Tex. Crim. App. 1973) (holding four-month delay is not
presumptively prejudicial); Phillips v. State, 650 S.W.2d 396, 399 (Tex.
Crim. App. 1983) (holding seventeen-month delay is presumptively prejudicial)).
 If the court finds a presumptively prejudicial delay, it must analyze the speedy trial claim by first weighing
the strength of each remaining factor, and then balancing their relative
weights in light of “the conduct of both the prosecution and the defendant.”  Cantu,
253 S.W.3d at 281 (quoting Barker, 407 U.S. at 530).  The factors are
related and must be considered together along with any other relevant
circumstances, and no one factor is either necessary or sufficient to find a speedy trial violation.  Cantu,
253 S.W.3d at 281.  Courts must therefore “engage ‘in a difficult and sensitive
balancing process’ in each individual case.”  Id.  (quoting Barker,
407 U.S. at 533).  

Although Johnson contends he raised the speedy trial
issue in the court below, the record does not support his contention.  There is
nothing in the record to establish Johnson raised a speedy trial allegation in
the trial court.  Accordingly, it could be argued he has waived his speedy
trial complaint.  See Bridges v. State, No. 02-08-356-CR, (Tex.
App.—Fort Worth Feb. 11, 2010, pet. ref’d) (mem. op.) (not designated for
publication); see also Cantu, 253 S.W.3d at 281 (holding defendant bears
burden to assert right to speedy trial); but see Barker, 407 U.S. at 531
(holding failure to assert right to speedy trial will make it difficult for
defendant to prove he was denied speedy trial); Narvaez v. State,
05-09-00039-CR, 2010 WL 924004, at *6 (Tex. App.—Dallas Mar. 16, 2010, no pet.)
(same).  However, even if we assume the complaint was not waived, an analysis
of the Barker factors does not mandate reversal in this case.  

The State concedes the delay in this case, which is
measured from the date the defendant is formally accused or arrested, is
presumptively prejudicial so as to trigger the Barker analysis. See
Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994) (citing United
States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)).  We
agree.  According to the stipulated evidence, Johnson was arrested and charged
with aggravated robbery on December 15, 2006.  He was thereafter indicted on
March 13, 2007.  He pled guilty on November 4, 2008, and was sentenced on
December 8, 2008.  Thus, by the time of the plea and sentence, almost two years
had elapsed from the time Johnson was arrested, far longer than the seventeen-month
delay found presumptively prejudicial in Phillips.  See 650
S.W.2d at 399.  Because the delay was beyond the minimum needed to trigger the Barker
inquiry, this factor weighs heavily in favor of finding a violation of
Johnson’s right to a speedy trial.  See Zamorano v. State, 84
S.W.3d 643, 649 (Tex. Crim. App. 2002).

As to the second Barker factor, reason for the
delay, the record contains no explanation for the delay.  This is not
surprising given that Johnson did not assert his right to a speedy trial in the
court below–no hearing was necessary in the absence of a request.  In the
absence of explanation for a delay, the court is not to presume either a
deliberate attempt to prejudice the defense or a valid reason for the delay.  Shaw
v. State, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); Dragoo v. State,
96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  We hold the unexplained delay, while
typically weighing in favor of a speedy trial violation, though not heavily,
does not weigh in favor of a violation in this case.  Because appellant did not
assert his right to a speedy trial, there was no call for the State to provide
any explanation for the delay.  It would be unreasonable to hold a failure to
provide an explanation for delay weighs against the State when it was the
defendant’s burden to assert the issue.  Accordingly, we hold this issue weighs
neither for nor against Johnson’s right to a speedy trial.  

We next consider Johnson’s assertion, or lack thereof,
of his right to a speedy trial.  The record does not reflect that Johnson ever
asserted his right to a speedy trial in the trial court; rather, it was only
when he filed his appellant’s brief in this court that he raised the issue. 
Assuming this failure does not amount to a waiver, the lack of a timely demand
indicates strongly that Johnson did not really want a speedy trial and that he
was not prejudiced by the lack of one.  See Dragoo, 96 S.W.3d at 314
(citing Barker, 407 U.S. at 532).  Moreover, the longer the delay, the
more likely it is that a defendant desiring a speedy trial would have taken
some action to obtain it.  Dragoo, 96 S.W.3d at 314 (citing Barker,
407 U.S. at 532).  Inaction therefore weighs more heavily against a violation
the longer the delay becomes.  Id.  Given the absence of any evidence
that Johnson asserted his speedy trial right in the court below, we hold this
weighs heavily against finding a violation of his right to a speedy trial.  See
id.  

Finally, when analyzing the prejudice to the
defendant, the court must do so in light of the interests the right to a speedy trial was designed to protect:
(1) freedom from oppressive pretrial incarceration, (2) mitigation of the
anxiety and concern accompanying public accusation, and (3) avoidance of
impairment to the accused’s defense.  Cantu, 253 S.W.3d at 285.  Of
these interests, the last is the most serious because a defendant's inability
to prepare his defense affects the fairness of the entire system.  Id.  A
defendant is not required to show actual prejudice of the protected interests;
rather, he need only make some showing that he has been prejudiced by the
delay.  Rangel, 980 S.W.2d at 844 (citing State v. Burckhardt,
952 S.W.2d 100, 104 (Tex. App.—San Antonio 1997, no pet.)).  

Although the record establishes Johnson was
incarcerated for approximately two years–his request for a bond reduction was
denied–given his failure to assert his right to a speedy trial below, Johnson
obviously presented no evidence to the trial court with regard to the anxiety
and concern he may have suffered or to any prejudice his defense may have
suffered as a result of the delay.  Given the absence of any evidence of
prejudice, we hold this factor weighs against a speedy trial violation.  

Having addressed the four Barker factors, we
must now balance them.  See Cantu, 253 S.W.3d at 280.  Weighing in favor
of finding a violation of Johnson’s speedy trial right is the length of the
delay, but weighing against finding a violation is Johnson’s complete failure
to assert his rights in the court below, and his failure to produce any evidence
of prejudice.  Accordingly, we hold the weight of the four factors, when
balanced together, is against finding a violation of Johnson’s right to a
speedy trial, and we overrule his first point of error.  

Jury
Charge on Lesser Included Offense

In his second point of error, Johnson contends “the
trial court erred in not applying the Roster [sic] test.”  See
Royster, 622 S.W.2d at 444.  In a line
of cases described commonly as the Royster-Rousseau line of cases, the Texas Court of Criminal Appeals
established a two-prong test for determining when a trial court should submit a
jury charge on a lesser included offense.  Grey v. State, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009); see
Rousseau v. State, 855 S.W.2d 666, 672
(Tex. Crim. App. 1993); Royster, 622 S.W.2d at 444.  Before a trial court is required to submit to the
jury a lesser included offense charge requested by the defendant, the trial
court must find that the lesser included offense is within the proof necessary
to establish the offense charged, and there is some evidence in the record that
if the defendant is guilty, he is guilty only of the lesser offense.  Rousseau, 855 S.W.2d at 672.  Clearly, Royster and its progeny are applicable only to jury trials,
and Johnson has not cited this court to any authority to the contrary. 
Moreover, the law is clear that when a defendant waives his right to a jury
trial and enters a guilty plea, as Johnson did in this case, the trial court is
authorized to consider the evidence adduced at the guilty plea and find the
defendant guilty as charged in the indictment, guilty of a lesser offense, or
not guilty.  See Aldrich v. State, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003).  

Johnson seems to contend, in the guise of a Royster-Rousseau complaint, that if he is guilty, he is guilty only
of robbery because he consistently asserted to law enforcement that he did not
have a shotgun and never pointed a shotgun at Knight.  This complaint is in the
nature of a sufficiency of the evidence complaint, not a jury charge complaint based
on the absence of a lesser included offense charge.  Accordingly, we hold this
point of error presents nothing for our review, and we will consider the
sufficiency complaint as presented in Johnson’s third point of error.  

Legal and Factual Sufficiency
of the Evidence

Finally, Johnson contends, despite his plea and
agreement to the affirmative deadly weapon finding, the evidence is legally and
factually insufficient to support his conviction for aggravated robbery with a
deadly weapon.  Johnson specifically argues the evidence was insufficient to
establish he used or exhibited a shotgun during the course of the robbery
because (1) he denied possessing or using a shotgun, and (2) the only evidence
in the record is Knight’s statement to police that Johnson had a shotgun and
pointed it at him.  

Johnson references the traditional standards of
review applicable to legal and factual sufficiency challenges.  See,
e.g., Prible v. State, 175 S.W.3d 724,
729-30 (Tex. Crim. App.), cert. denied, 546 U.S. 962 (2005) (holding that when reviewing
evidence for legal sufficiency, appellate court reviews all of evidence in
light most favorable to verdict to determine whether any rational trier of fact
could have found essential elements of offense beyond reasonable doubt); Watson
v. State, 204 S.W.3d 404, 414-25 (Tex.
Crim. App. 2006) (holding that when reviewing evidence for factual sufficiency,
appellate court reviews all of evidence in neutral light and sets aside verdict
only if evidence is so weak that verdict is clearly wrong and manifestly
unjust, or contrary evidence is so strong that standard of proof beyond
reasonable doubt could not have been met).  “However, these traditional
standards do not apply to non-capital felony cases when the defendant enters a
plea of guilty or nolo contendere.”  Tijerina v. State, 264 S.W.3d 320, 322 (Tex. App.—San Antonio 2008,
pet. ref’d).  The entry of a valid guilty plea “has the effect of admitting all
material facts alleged in the indictment or other charging instrument.”  Id.  Once a defendant enters a valid plea of guilty in
a bench trial, the State is not required to prove guilt beyond a reasonable
doubt.  Id.  Rather,
the State is only required to support the guilty plea with evidence.  Tex. Code Crim. Proc. art. 1.15 (Vernon
2005).  

To sustain a guilty plea under article 1.15, the
State must offer evidence to support the plea and the judgment to be entered.  Tijerina, 264 S.W.3d at 323.  The evidence must embrace each
essential element of the charged offense.  Id.  Therefore, our sufficiency review following a plea
of guilty is limited to determining whether the State introduced evidence
embracing every essential element of the offense charged.  Id.  

Johnson was charged with aggravated robbery with a
deadly weapon.  In support of his guilt, the State introduced into evidence its
Exhibit No. 1, which included the “Waiver, Consent to Stipulation of Testimony
and Stipulations” sworn to by Johnson.  In that document, Johnson swore he was
the person named in the indictment, and that all of the allegations in the
indictment occurred in Bexar County, Texas and were true.  He also swore that
on or about December 14, 2006, he “intentionally and knowingly . . . while in
the course of committing theft of property and with intent to obtain and maintain
control of said property, did intentionally and knowingly threaten and place John
Knight in fear of imminent bodily injury and death . . . and . . . did use and
exhibit a deadly weapon, to wit: A FIREARM.”  This is the language contained in
the indictment.  By swearing the allegations in the indictment were true,
Johnson judicially confessed that he used and exhibited a deadly weapon,
specifically a firearm, during the course of committing theft of property and
placed Knight in fear of imminent bodily injury and death, i.e., he judicially
confessed to aggravated robbery.  “It is well settled that a judicial
confession alone, is sufficient to sustain a conviction upon a guilty plea.”  Id. (quoting Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979)).  “In
other words, a judicial confession satisfied the State’s burden under article
1.15.”  Id.  

Johnson’s argument that the evidence is not
sufficient because State’s Exhibit No. 1 also contains his statement, in which
he denied having or using a firearm, is without merit.  At most, State’s
Exhibit No. 1 contains conflicting evidence, and as this court stated in Tijerina, it is well-settled under Texas law that the
judicial confession is alone sufficient to meet the requirements of article
1.15 and sustain a conviction following a valid guilty plea.  264 S.W.3d at
324.  We therefore overrule Johnson’s third point of error.  

Conclusion

Based on the foregoing, we overrule Johnson’s points
of error, and affirm the trial court’s judgment.

 

Marialyn Barnard, Justice

 

Do Not Publish

 

 

 

 

 

 

 

 

 









[1]The
right to a speedy trial is also guaranteed under Article I, section 10 of the
Texas Constitution.  Tex. Const.
art. I, § 10.  Although the right secured by the Texas Constitution is
independent of the right guaranteed by the Sixth Amendment, the Texas Court of Criminal
Appeals has held the analysis for claims under the Texas Constitution is the
same as for claims under the United States Constitution.  Harris v. State,
827 S.W.2d 949, 956 (Tex. Crim. App. 1992).