Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00291-CR

Estella Santilla **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-10445
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  September 8, 2010

AFFIRMED

Without the benefit of a plea bargain, appellant Estella Santilla Rodriguez pleaded no contest to the felony offense of failure to stop and render aid. The trial court found Rodriguez guilty and denied her request for deferred adjudication or community supervision. After making an affirmative finding that Rodriguez used a deadly weapon, the trial court assessed punishment at five years confinement in the Texas Department of Criminal Justice-Institutional Division. In three points of error, Rodriguez contends: (1) the evidence is insufficient to support the

conviction; (2) the trial court erred in making an affirmative finding of use of a deadly weapon; and (3) the trial court erred in allowing the State to present evidence and request the maximum punishment when the State allegedly agreed to refrain from making any recommendation regarding punishment. We affirm the trial court's judgment.

## BACKGROUND

Rodriguez pled no contest, and stipulated to the evidence against her, which consists of police reports and witness statements obtained during the investigation. We have derived the background facts from the stipulated evidence and other documents in the record.

On July 10, 2007, Rodriguez was entering the eastbound lanes of Loop 410 when she struck a motorcyclist, Shirley Ann Morrison, causing Morrison to lose control of her motorcycle. Morrison fell off her motorcycle and was hit by a second motorist. Morrison died at the scene. Rodriguez reportedly sped up after the collision and neither stopped nor called for emergency services. The accident was reported to police at 10:57 a.m.

Telephone records show Rodriguez used her cell phone to call Miguel Rodriguez, who was her husband at that time, at 11:12 a.m. During the next hour, Rodriguez and Miguel called each other six times, their conversations lasting only minutes at a time. During that hour of phone calls, Miguel called 911 to report that his wife had been in an accident. He stated "[s]he thinks she hit a motorcyclist" and "she got scared and she left." Rodriguez received a call from the police at 12:16 p.m.

Rodriguez was subsequently charged by indictment with the offense of failure to stop and render aid. Rodriguez entered into an open plea of no contest and requested deferred adjudication or community supervision. The trial court found Rodriguez guilty, denied her

request for deferred adjudication or community supervision, and sentenced her to five years confinement.

## DISCUSSION

### *Sufficiency of Evidence*

Rodriguez first contends the evidence presented by the State is insufficient to support her conviction. Specifically, Rodriguez argues the State failed to prove beyond a reasonable doubt she had knowledge of the accident.

Unlike a plea of not guilty, once a plea of guilty or nolo contendere is entered, the State is not required to prove guilt beyond a reasonable doubt. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Tijerina v. State*, 264 S.W.3d 320, 323 (Tex. App.—San Antonio 2008, pet. ref'd). The State is only required to introduce evidence that "embrace[s] every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Tijerina*, 264 S.W.3d at 323.

When a defendant pleads guilty or nolo contendere to a felony, the State must introduce evidence of guilt to sustain the plea. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). This can be done with a stipulation of evidence where the defendant consents without conceding the veracity of the evidence or the need for proof. *Id.*; *Barnes v. State*, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.) (citing *Wright v. State*, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.)).

When a defendant is charged with the failure to stop and render aid, the State must not only prove the failure to immediately stop, return, and remain at the scene of the accident involving serious bodily injury or death, but the State must also prove the defendant had knowledge the accident had taken place. TEX. TRANSP. CODE ANN. § 550.021 (Vernon Supp.

2009); *Huffman v. State*, 267 S.W.3d 902, 908 (Tex. Crim. App. 2008) (citing *Goss v. State*, 582 S.W.2d 782, 785 (Tex. Crim. App. 1979)).

The crux of Rodriguez's argument is the State failed to prove beyond a reasonable doubt she had knowledge of the accident. The stipulated evidence consisted of a police report prepared by Detective Tonja Brandt of the San Antonio Police Department and an autopsy report. Detective Brandt's report has statements from witness Avery Walker and Rodriguez, and information relating to the 911 call made by Miguel.

Walker told police he was traveling approximately 60 miles per hour on Loop 410 when he witnessed a grey pick-up truck swerve into Morrison's lane and "bump" her motorcycle. Walker stopped to help Morrison. He stated he saw the pick-up truck that hit Morrison "speed up after making contact with the cyclist." Walker got back into his vehicle and tried to catch up with the pick-up truck to get its license plate number; he was unsuccessful. Walker claimed the driver of the pick-up truck never slowed down or pulled over.

The police traced the accident back to Rodriguez when Miguel called 911 to inform the police Rodriguez had been in an accident. During the call, Miguel told the 911 operator not only that Rodriguez had been in an accident but that "[s]he thinks she hit a motorcyclist" and "she got scared and left." Although Rodriguez never admitted she had knowledge of the accident, she admitted she felt a "bump," and it felt as if "something hit." Rodriguez stated after the "bump," she looked in her rear view and side mirrors, but did not see anything. She claimed she did not pull over because she did not believe there was enough space.

"Absent a judicial confession, the requisite culpable mental state must ordinarily be inferred from the acts of the accused or the surrounding circumstances." *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984). The trier of fact may draw inferences from the

stipulated facts. *Id.* We hold the stipulated evidence referenced above infers Rodriguez had knowledge of the accident. We will not displace the trial court's determination, as trier of fact, of the credibility of the stipulated evidence and the witness statements therein. *See Sanchez v. Mica Corp.*, 107 S.W.3d 13, 33 (Tex. App.—San Antonio 2002, judgm't vacated in part). The stipulated evidence in this case "embraced every essential element of the offense charged" including Rodriguez's knowledge of the accident. *See Stone*, 919 S.W.2d at 427. We therefore overrule Rodriguez's first point of error.

### *Affirmative Finding of Use of a Deadly Weapon*

Rodriguez next contends the trial court erred finding she used a deadly weapon. We review the trial court's affirmative finding in the light most favorable to the State, and must determine whether "any rational trier of fact could have found beyond a reasonable doubt that the truck was used or exhibited as a deadly weapon." *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003).

Under the Texas Penal Code, a deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2009). The deadly weapon must be used during the commission of the felony, and there must be evidence others were put in danger of serious bodily injury or death. *Cates*, 102 S.W.3d at 738. A vehicle may be classified as a deadly weapon if it was driven in such a reckless manner as to endanger others. *Id.* (citing *Tyra v. State*, 897 S.W.2d 796, 798–99 (Tex. Crim. App. 1995)). In a failure to stop and render aid case, the felony consists of fleeing the scene of an accident, and the State must prove the vehicle was used as a deadly weapon during this time period and not before or during the accident. *Id.*

Rodriguez improperly relies on *Cates v. State* to support her argument. 102 S.W.3d 735 (Tex. Crim. App. 2003). In *Cates*, the court of criminal appeals held the evidence was insufficient to prove the defendant operated his vehicle as a deadly weapon during the offense of failure to stop and render aid. *Id.* at 738. The accident in *Cates* occurred at night on a deserted stretch of road. *Id.* After the accident, two witnesses, driving 85 to 95 miles per hour, caught up to the defendant soon after at a red light. *Id.* The court explained this evidence proved only that the witnesses were driving significantly faster than the defendant because they caught up to him so quickly. *Id.* Also, because the witnesses caught up to the defendant at a red light, it was further proof the defendant was not driving dangerously after the accident. *Id.*

In this case, the accident occurred midmorning, on a highway in San Antonio. Walker told police he was traveling approximately 60 miles per hour when he noticed Rodriguez's pick-up truck entering the highway at an "excessive rate of speed." He then witnessed the accident. Walker claimed that after the motorcycle and Rodriguez's pick-up truck made contact, it appeared to him that the pick-up truck sped up. Mr. Walker then tried to "catch up" to Rodriguez, but unlike the witnesses in *Cates*, he was unsuccessful. The evidence also shows the accident occurred in a construction zone. Rodriguez told police she believed she hit an orange construction "barrel" instead of the motorcycle. Any rational trier of fact could have found that this evidence established that Rodriguez, after the accident, was driving at an excessive rate of speed in a construction zone. In viewing this evidence in a light most favorable to the State, we find that any rational trier of fact could have found Rodriguez, while fleeing the scene of the accident, operated her vehicle in a reckless or dangerous manner. *See Cates*, 102 S.W.3d at 738. Therefore, we overrule Rodriguez's second point of error.

### *State's Recommendation*

Finally, Rodriguez contends it was improper for the State to present evidence and request the maximum punishment when the State allegedly agreed not to make any recommendations. We need not address the merits of Rodriguez's argument because Rodriguez failed to preserve error in the trial court.

The record must reflect a "complaint made to the trial court by a timely request, objection, or motion" in order to present that complaint for appellate review. TEX. R. APP. P. 33.1. To be timely, the complaint must be made "at the first opportunity or as soon as the basis of the objection becomes apparent." *Cruz v. State*, 238 S.W.3d 381, 385 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). If a defendant who pleads guilty or nolo contendere fails to raise an objection at either the plea hearing or the sentencing hearing, the alleged error is not preserved for appellate review. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

Here, when the State asked for the maximum punishment with a finding of use of a deadly weapon, Rodriguez failed to object, and therefore waived any right to complain on appeal. *See id.* Accordingly, we overrule Rodriguez's third point of error.

### CONCLUSION

Based on the foregoing, we hold Rodriguez's points of error are without merit and we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish