**Opinion issued February 7, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-01124-CR

_____

**FRANK ZUNIGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1309014**

---

## MEMORANDUM OPINION

Frank Zuniga appeals the trial court's judgment adjudicating his guilt and sentencing him to twelve years' confinement. Zuniga was placed on deferred adjudication community supervision for the second-degree felony offense of

indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (2011). The State moved to adjudicate Zuniga's guilt and the trial court did so. On appeal, Zuniga contends that there was no evidence to support his guilty plea and his conviction must therefore be reversed. We affirm.

## Background

Zuniga was charged by indictment with the felony offense of indecency with a child for touching the complainant's genitals. Zuniga pleaded guilty pursuant to a plea bargain with the State and waived the making of a record of his plea proceedings. The Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession (the "Confession") that Zuniga signed, however, did not mention Zuniga touching complainant's genitals. Rather, it stated that Zuniga had caused complainant to touch the genitals of a second minor complainant. The trial court accepted the plea and deferred adjudication of Zuniga's guilt, placing him on deferred adjudication community supervision for seven years.

Approximately three months later, the State moved to adjudicate Zuniga's guilt, alleging a violation of the provisions of his community supervision that prohibited contact with minors. At the hearing on the motion to adjudicate, Zuniga's community supervision file was admitted into evidence. The file included the police report containing complainant's statements to his mother and the report from the Children's Assessment Center containing complainant's

2

statements to the forensic interviewer. In these statements, complainant indicated that Zuniga had touched complainant's genitals. After the hearing, the trial court found the allegations to be true, adjudicated Zuniga's guilt, and sentenced him to twelve years' confinement. Zuniga appeals.

## Analysis

A defendant who receives deferred adjudication community supervision generally may not appeal errors in the original proceeding that resulted in the deferred adjudication after a later proceeding to adjudicate guilt. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). There are two exceptions to this general rule: a judgment may be challenged after adjudication (1) when it is void or (2) by habeas corpus. *Nix*, 65 S.W.3d at 667.

"The void judgment exception recognizes that there are some rare situations in which a trial court's judgment should be accorded no respect due to a complete lack of power to render the judgment in question." *Id.* Because a void judgment is a nullity, it may be attacked at any time. *Id.* at 668. It logically follows that "[i]f the original judgment imposing [community supervision] was void, then the trial court would have no authority to revoke that [community supervision], since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke." *Id.*

3

In *Nix*, the Court of Criminal Appeals identified a "very nearly" exclusive list of circumstances rendering a judgment void.

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.

*Id.* (footnotes omitted).

The third circumstance, the "no evidence" exception, is the basis of Zuniga's appeal. For this exception to apply, "the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence." *Id.* at 668 n.14. "[T]he record must leave no question about the existence of the fundamental defect." *Id.*

Zuniga contends there is no evidence to support his conviction because the acts admitted in the Confession are not the same acts alleged in the indictment. Accordingly, argues Zuniga, the Confession cannot support the conviction. *See Nix*, 65 S.W.3d at 668 n.14 (noting that guilty plea or judicial confession is ordinarily sufficient to support conviction); *Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San Antonio 2008, pet. ref d). While the Confession did not track the

4

indictment, Zuniga's claim fails because other evidence supports the conviction. In the written admonishments, given pursuant to Article 26.13(d) of the Code of Criminal Procedure, Zuniga swore, "I have read *the indictment* and I committed each and every element alleged." Additionally, at the hearing on the motion to adjudicate guilt, the trial court admitted into evidence Zuniga's community supervision file. The file reflects that complainant told his mother and the Children's Assessment Center's forensic interviewer that Zuniga touched complainant's genitals, which is the offense alleged in the indictment. Thus, there is no "complete lack of evidence to support the conviction." *See Nix*, 65 S.W.3d at 668 n.14. Because the record contains some evidence to support Zuniga's conviction, we overrule Zuniga's sole issue.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).