

**NUMBER 13-14-00297-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ALEJANDRO BARRIENTES,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

By four issues, which we address as one, appellant Alejandro Barrientes argues

that the evidence is insufficient to support his pleas of guilty to the offenses of evading

arrest or detention with a motor vehicle (Count 1) and endangering a child (Count 2). *See*

TEX. PENAL CODE ANN. §§ 38.04(a), (b)(2)(A), 22.041(b) (West, Westlaw through Chapter

46 2015 R.S.).  We affirm.

## I. BACKGROUND[1]

During the night of May 6, 2012, officers of the Brownsville Police Department ("BPD") responded to a report of automobile races occurring in the parking lots of two stores.  BPD Officer Ortega initiated a traffic stop of a "black and blue older model Chevrolet pickup" because he observed it moving at a high rate of speed.  Before Officer Ortega made contact with the occupants, the driver "sped off."  A high-speed vehicle chase ensued, ending when the driver turned into a church parking lot and BPD Officer Garza blocked the exit with her police vehicle.  Police detained the driver, appellant, and his passenger, I.R., a thirteen-year old minor child.  Officer Garza stated in her report that her vehicle's speedometer reached 87 miles per hour at one point during the chase.

The State charged appellant with evading arrest with a motor vehicle, a third-degree felony, and endangering a child, a state-jail felony.  *See id.*  Appellant entered an open plea of guilty to both charges.  Appellant executed a document entitled "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty."  In this document, appellant:  (1) waived his right to confront witnesses; (2) stipulated that the State may introduce evidence and that the evidence was "true and correct"; and (3) stipulated that "each and every allegation" in the indictment was "true and correct."  The trial judge imposed concurrent sentences of seven years' imprisonment in the Texas Department of Criminal Justice—Institutional Division on Count 1 and confinement in

---

[1] We take the following description of events form the written reports of Brownsville Police Department Officers Ortega, Garza, and Rea.  All three reports were admitted into evidence with appellant's written consent and stipulation that the reports were true and correct.  We refer to the officers by their surnames in this opinion because only Officer Garza's full name appears in the record.

2

state jail for two years on Count 2. This appeal followed.[2]

## II. SUFFICIENCY OF EVIDENCE SUPPORTING PLEAS

By his sole issue appellant asserts that the evidence is insufficient to support his pleas of guilty to both counts. We disagree.

### A. Applicable Law

Article 1.15 of the Texas Code of Criminal Procedure provides that Texas courts are not authorized to render a conviction in a felony case based on a plea of guilty "without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West, Westlaw through Chapter 46 2015 R.S.). The supporting evidence must simply embrace each essential element of the charged offenses; it need not establish the defendant's guilt beyond a reasonable doubt. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Flores-Alonzo v. State*, No. 06-14-00055-CR, ___ S.W.3d ____, 2015 WL 1119758, at *3 (Tex. App.—Texarkana Mar. 13, 2015, no. pet. h.). The defendant may consent to the proffer of evidence in testimonial or documentary form or may stipulate orally or in writing as to what the evidence against him would be. TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Case law from the Texas Court of Criminal Appeals has also authorized the defendant to enter a sworn written statement specifically admitting culpability or acknowledging generally that the allegations are true and correct. *Menefee*, 287 S.W.3d at 13. Such a judicial confession is sufficient to support a guilty plea so long as it covers all the elements of the charged offenses. *Id.*; *see Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San

---

[2] Appellant waived his right to appeal. However, by an order dated December 12, 2014, we determined that appellant's waiver of appeal was invalid because it was not made voluntarily, knowingly, and intelligently and ordered appellant to file a brief on the merits. *See Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

Antonio 2008, pet. ref'd) ("It is well settled that a judicial confession standing alone, is sufficient to sustain a conviction upon a guilty plea."). However, a stipulation of evidence or judicial confession that fails to establish every element of the charged offenses will not authorize the trial court to convict. *Menefee*, 287 S.W.3d at 13. A conviction without sufficient evidence to support a guilty plea constitutes trial error. *Id.*

### B. Discussion

Appellant focuses his arguments on the sufficiency of the police reports to establish all elements of both offenses. However, he relies on *Barrett v. State* in which the defendant pled guilty but did not confess by stipulation. *See* 547 S.W.2d 604, 604–05 (Tex. Crim. App. 1977). Under *Menefee*, the State would be required to produce evidence substantiating the plea in such a situation. *See* 287 S.W.3d at 13. In the present case, by contrast, appellant expressly stipulated in writing that "each and every allegation" in the indictment is "true and correct." We have reviewed the indictment and found that it accurately sets out all the elements of both charged offenses. Thus, appellant's stipulations of evidence are sufficient to support his pleas of guilty on both counts. *See id.*; *Tijerina*, 264 S.W.3d at 324; *see also Jones v. State*, 857 S.W.2d 108, 111 (Tex. App.—Corpus Christi 1993, no pet.) (concluding that the defendant's "yes" answer to the trial court's question regarding whether the charges and allegations in the indictment were "true and correct" was a judicial confession sufficient by itself to support the plea of guilty). We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2015.

5