**Opinion filed December 15, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00128-CR

_____

## CHRISTOPHER LEE MCCARTY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-20-0637-CR**

## M E M O R A N D U M   O P I N I O N

Christopher Lee McCarty, Appellant, entered an open plea of guilty to the offense of evading arrest or detention with a vehicle, was found guilty by the trial court, entered pleas of true to the enhancement allegations, and was sentenced to twenty-five years in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 38.04 (West 2016). Appellant

now challenges his conviction and raises one issue for our review. We modify and affirm.

*Factual and Procedural History*

On April 19, 2020, Ector County Sheriff's Deputy Tommy Hain attempted to stop Appellant for traffic violations related to the license plate on the vehicle that Appellant was driving. Appellant did not stop; instead, he accelerated to more than 110 miles per hour before losing control of and crashing the vehicle. Appellant was indicted for evading arrest or detention with a vehicle and for unauthorized use of a vehicle.

Appellant waived his right to a jury trial and, on June 8, 2021, entered an open plea of guilty to both charges. Before the trial court entered its findings on the pleas, Appellant asked to withdraw his pleas and proceed to a bench trial. The trial court permitted withdrawal of the original guilty pleas and set the matter for trial. At the bench trial on June 11, Appellant changed his mind again and pled guilty to the charge of evading arrest or detention with a vehicle.[1] Appellant affirmed in open court that "every fact stated in this indictment is true." The trial court accepted Appellant's guilty plea, found him guilty, and proceeded to the punishment phase of trial.

Appellant raises one issue on appeal. Appellant contends that the State did not offer any evidence into the record to support his guilty plea and that the State's failure to obtain the necessary "waivers and consent to stipulation" of facts was reversible error. We disagree.

*Standard of Review*

The United States Constitution does not require substantiation of a guilty plea in state court, but Article 1.15 of the Texas Code of Criminal Procedure does provide

---

[1]The second charge, unauthorized use of a vehicle, was dismissed by the State with prejudice.

this additional procedural safeguard. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). A conviction in a felony case based on a defendant's guilty plea must be supported by evidence establishing guilt; such evidence must be provided in addition to and independent of the defendant's plea. CRIM. PROC. art. 1.15. Courts have recognized that a defendant's sworn written confession is not required and that a defendant may testify under oath in open court, admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (written confession was not introduced into evidence, but evidence adduced from the victim during the sentencing hearing was sufficient to substantiate the plea). A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Menefee*, 287 S.W.3d at 14. Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *See id.* at 18–19; *Stewart v. State*, 12 S.W.3d 146, 148–49 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (that the evidence comes from the punishment phase is inconsequential for purposes of Article 1.15).

The standard for this evidence is not "beyond a reasonable doubt." *Tijerina v. State*, 264 S.W.3d 320, 323 (Tex. App.—San Antonio 2008, pet. ref'd). Instead, the evidence must "embrace[] every essential element of the offense charged." *Id.* (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)). Evidence may be introduced by the State or may be stipulated to by the defendant. *See* CRIM. PROC. art. 1.15. In reviewing whether the requirements of Article 1.15 were met, we must examine the record and determine whether there was some evidence before the trial court that showed that the defendant engaged in criminal conduct sufficient to support the judgment. *Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

*Analysis*

As in *Jones*, no written confession or stipulation by Appellant was admitted into evidence. "[O]ur case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea." *Menefee*, 287 S.W.3d at 13. *Menefee*, however, was limited to "whether a sworn acknowledgment that one is opting to plead 'guilty' to the charged offense (without expressly admitting that the charges are 'true and correct') [was] tantamount to a judicial confession, sufficient to satisfy Article 1.15." *Id.* at 14. Here, however, Appellant in open court *did* expressly admit that the charges were true and correct.[2]

Additionally, during the punishment phase of trial, the State provided additional evidence of every essential element of Appellant's charged offense. Deputy Hain testified that his patrol vehicle was fully marked as an Ector County Sheriff's Office vehicle with an overhead light bar and that while on patrol in Odessa, Texas, on April 19, 2020, he activated his emergency lights to stop Appellant's vehicle because of an obscure license plate and because the license plate did not match the vehicle Appellant was driving. Deputy Hain testified that Appellant refused to stop, reached a speed over 110 miles per hour, lost control, and had a rollover accident. Deputy Hain also identified Appellant as the driver. Further, Appellant pled true to the enhancement allegations and did not object when evidence

---

[2]THE COURT: And did you plead guilty because you are, in fact, guilty of committing this offense?

[APPELLANT]: Yes, sir, Your Honor.

THE COURT: And in pleading guilty, are you admitting here in open court, then, that every fact stated in this indictment is true?

[APPELLANT]: Yes, sir.

4

of his prior convictions was offered at trial. There was virtually no cross-examination attacking the essential elements of the charged offense, and at no time did Deputy Hain retract his testimony as to any element of the charged offense. No rebuttal testimony contrary to what Deputy Hain offered was admitted into evidence.

We hold that, in conjunction with Appellant's open guilty plea and his admission that every fact stated in the indictment was true, the testimony of Deputy Hain constituted competent evidence supplementing and substantiating the guilty plea. *See Jones*, 373 S.W.3d at 798 (testimony of the victim was sufficient to supplement the essential elements of the charged offenses for the purposes of Article 1.15); *see also Menefee v. State*, No. 12-07-00001-CR, 2010 WL 3247816, at *5–7 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (evidence presented during punishment phase of trial was sufficient to meet requirements of Article 1.15).

Appellant also argues that the failure to obtain the necessary waivers and consent to stipulation under Article 1.15 should require an acquittal or, in the alternative, a remand to the trial court for a new trial. With regard to evidence, written waivers are only required by Article 1.15 when the defendant stipulates to the evidence. *See* CRIM. PROC. art. 1.15.[3] There is no stipulation here—which Appellant and the State concede on appeal. Instead, the State supplemented Appellant's guilty plea with the testimony of Deputy Hain, thereby providing that level of evidence required by Article 1.15. The portions of Article 1.15 relating to a defendant's waiver of the appearance or confrontation of witnesses and a defendant's consent to be tried by stipulated evidence are not applicable here. We overrule Appellant's sole issue.

---

[3]We note that Appellant's contention on appeal does not relate to his waiver of the right of trial by jury, which is also contemplated by Article 1.15. Furthermore, the record shows that Appellant appeared in person in open court and, in writing, waived his right of trial by jury. *See* CRIM. PROC. arts. 1.13, 1.15.

We note, however, that the trial court's written judgment contains an error that needs to be corrected. Although Appellant pled guilty in this cause, the written judgment shows that he pled "NOT GUILTY" to the offense of evading arrest or detention with a vehicle. We have the authority to modify a judgment to correct errors reflected on the face of the judgment when they come to our attention and when the evidence necessary to correct the judgment appears in the record. *See* TEX. R. APP. P. 43.2(b); *Arndt v. State*, No. 11-20-00032-CR, 2021 WL 5934652, at *3 (Tex. App.—Eastland Dec. 16, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). Such is the case here. Accordingly, we modify the trial court's judgment to reflect that Appellant pled "GUILTY" to the offense of evading arrest or detention with a vehicle.

*This Court's Ruling*

As modified, we affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


December 15, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6