**Fernando TORRES, Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 04-15-00331-CR**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: May 18, 2016

---

Raymond Martinez, Martinez & Herrera, San Antonio, TX, for Appellant Attorney.

Laura E. Durbin, Assistant Criminal District Attorney, San Antonio, TX, for Appellee Attorney.

Sitting: Sandee Bryan Marion, Chief Justice, Rebeca C. Martinez, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Rebeca C. Martinez, Justice

Fernando Torres pled guilty to aggravated assault with a deadly weapon but later obtained the trial court's permission to appeal. In his sole issue on appeal, Torres argues the evidence is insufficient to support the court's finding that he used a lit cigarette as a deadly weapon during the commission of the assault. The State argues that this court lacks jurisdiction over Torres' appeal because the trial court's amended certification giving Torres the right to appeal was signed on the 78th day after judgment was imposed. In the alternative, the State asserts that Torres' judicial confession to the charged offense, along with his written waiver and consent to the stipulated evidence, is sufficient to support the deadly weapon finding and conviction.

### BACKGROUND

Torres was charged by information with aggravated assault with a deadly weapon based on an incident that occurred on May 22, 2014. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). Torres subsequently entered a plea of guilty pursuant

to a plea bargain agreement in which the State agreed to dismiss a sexual assault charge arising out of the same incident and to a cap of ten years' imprisonment and a fine of $1,500 on the aggravated assault; it opposed Torres' application for deferred adjudication. After admonishing Torres on the consequences of pleading guilty and confirming his plea was knowing and voluntary, the trial court accepted Torres's guilty plea and found the stipulated evidence sufficient to substantiate his guilt. At the conclusion of the punishment hearing on March 5, 2015, the trial court followed the plea bargain agreement and imposed a sentence of ten years' imprisonment and a $1,500 fine, and made an affirmative deadly weapon finding. On the same date, the court signed a certification of right to appeal stating that the case is a plea bargain case and Torres has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Torres filed a timely motion for new trial alleging that the stipulated evidence was insufficient as a matter of law with respect to the lit cigarette constituting a deadly weapon. The trial court did not rule on the motion for new trial and it was overruled by operation of law on May 19, 2015, the 75th day after judgment. *See* TEX. R. APP. P. 21.8. On May 22, 2015, the trial court signed an amended certification of right to appeal stating the case is a plea bargain case "but issues were raised by written motion for new trial and I hereby grant Defendant [the] right to appeal." Torres thereafter filed a timely notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2) (when a timely motion for new trial is filed, a defendant's notice of appeal is due within 90 days after the date sentence is imposed).

## ANALYSIS

### Jurisdiction

■ We first address the State's argument that the appeal must be dismissed for lack of jurisdiction. When a defendant pleads guilty or no contest pursuant to a plea bargain and the punishment imposed does not exceed the agreement, the defendant may only appeal matters raised in a pretrial motion ruled on before trial or after obtaining the trial court's permission. TEX. R. APP. P. 25.2(a)(2). The trial court must sign a certification of the defendant's right to appeal and the appeal must be dismissed if a certification showing the defendant has the right of appeal is not part of the record. *Id.*; TEX. R. APP. P. 25.2(d).

The State argues that Torres' appeal must be dismissed because the trial court lacked jurisdiction to sign an amended certification giving him the right to appeal after expiration of the 75–day deadline for ruling on his motion for new trial. In support, the State relies on Texas Rules of Appellate Procedure 21.8 and 22.4 which provide that a motion for new trial or motion in arrest of judgment, if not ruled on by the trial court, is denied by operation of law on the 75th day after judgment is imposed. *See* TEX. R. APP. P. 21.8, 22.4. The State cites cases which hold the trial court has no jurisdiction to modify a sentence or grant a new trial after the 75–day period expires. *See State v. Aguilera,* 165 S.W.3d 695, 697 (Tex.Crim.App.2005) (noting that, "[a]t a minimum, a trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing," and holding that a trial court also retains plenary power to modify its sentence in open court before adjournment on the same day the original sentence is imposed); *see also State v. Bates,* 889 S.W.2d 306, 310 (Tex.Crim.App.1994) (trial court's order granting new trial more than 75 days after judgment was void); *State ex rel. Cobb v. Godfrey,* 739 S.W.2d

47, 49 (Tex.Crim.App.1987) (orig.proceeding) (same). All of the cases cited by the State involve a trial court granting a new trial or modifying a sentence more than 75 days after imposition of the judgment. The State cites no case holding that the trial court lacks authority to sign an amended Rule 25.2 certification giving a defendant the right to appeal in a plea bargain case after expiration of the 75–day period, and we have found no such case.

Indeed, the plain language of subsection (f) of Rule 25.2 expressly authorizes amendment of the trial court's certification of the defendant's right of appeal to correct "a defect or omission" in a previously filed certification "at any time before the appealing party's brief is filed." TEX. R. APP. P. 25.2(f) (amended trial court certification may be filed in the appellate court in accordance with TEX. R. APP. P. 37.1, providing for notice and thirty days to cure a defective certification, or at any time before the appellant's brief is filed if Rule 37.1 is not used by the court of appeals). In *Dears v. State*, the Court of Criminal Appeals addressed when a Rule 25.2 certification of right to appeal is "defective," holding that a certification is defective, although correct in form, "when compared with the record before the court [it] proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App.2005) (citing *Daniels v. State*, 110 S.W.3d 174, 176–77 (Tex.App.—San Antonio 2003, order)). The court based this broad definition of a defect in part on Texas Rules of Appellate Procedure 44.3 and 44.4, noting that, "[t]hese rules reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities' which can be corrected." *Dears*, 154 S.W.3d at 614; TEX. R. APP. P. 44.3 (prohibiting dismissal of an appeal for formal defects or irregularities without a reasonable time to correct or amend); TEX. R. APP. P. 44.4 (prohibiting dismissal of an

appeal if the trial court's erroneous action or inaction prevents proper presentation of the case on appeal and the trial court can correct the error). The court further stated that Rules 37.1 and 34.5(c) provide "the framework for correcting defective certifications," and "[n]either of those rules provide any time limitation to their use." *Id.* at 614; *see also* TEX. R. APP. P. 37.1, 34.5(c). We routinely issue show cause orders in plea bargain cases in which the trial court's certification states there is no right of appeal and allow the defendant an opportunity to obtain an amended certification from the trial court "correcting the defect" and granting the right to appeal. *See Daniels*, 110 S.W.3d at 176–77 (adopting the procedure of issuing a Rule 37.1 notice of the defect and opportunity to cure when a Rule 25.2 certification is filed stating the defendant has no right of appeal).

Even though Rule 25.2(f), "Amending the Notice or Certification," expressly pertains to amending a certification of right to appeal, the State does not address subsection (f), relying solely on the rules and case law stating the trial court only has authority to rule on a motion for new trial or motion in arrest of judgment within the 75–day period following the judgment. When faced with a similar jurisdictional challenge by the State based on an amended certification, the First Court of Appeals relied on the plain language of Rule 25.2(f) in rejecting the argument. *Labib v. State*, 239 S.W.3d 322, 328 (Tex.App.—Houston [1st Dist.] 2007, no pet.). There, the State argued that the appellate court lacked jurisdiction because the trial court's amended certification was not filed to correct a "defect or omission" in the original certification. *Id.* The court disagreed, stating that, based on the record before it, the amended certification corrected a defect in the original certification "because [the

original] did not allow the appeal that the trial court apparently wished to allow." *Id.* The court further noted that the State did not file a motion to strike the amended certification as expressly allowed by Rule 25.2(f). *Id.*; *see* Tex. R. App. P. 25.2(f) ("The amended . . . . certification is subject to being struck for cause on the motion of any party affected by the amended . . . certification."). Here, the State did not file a motion to strike the amended certification as allowed by Rule 25.2(f), but even construing its appellate argument as a motion to strike, we disagree with the State's premise that the trial court lacked authority to amend the certification after the 75th day from the judgment.

Therefore, based on the plain language of Rule 25.2(f) expressly permitting a trial court to amend a certification of right to appeal "at any time before the appealing party's brief is filed," we conclude the trial court had authority to sign the amended certification and that we have jurisdiction over the appeal.

### Deadly Weapon

■ Turning to the merits of Torres' issue on appeal, he contends the evidence is insufficient to support the affirmative finding of a deadly weapon. Traditional standards of sufficiency review do not apply to non-capital felony cases in which the defendant has pled guilty or nolo contendere. *Tijerina v. State,* 264 S.W.3d 320, 322 (Tex.App.—San Antonio 2008, pet. ref'd) (citing *Ex parte Martin,* 747 S.W.2d 789, 791 (Tex.Crim.App.1988), and *Ex parte Williams,* 703 S.W.2d 674, 682 (Tex. Crim.App.1986)). As the State notes, "[t]he entry of a valid guilty plea 'has the effect of admitting all material facts alleged in the formal criminal charge'" and the State is "no longer constitutionally required to prove guilt beyond a reasonable doubt." *Williams,* 703 S.W.2d at 682; *Tijerina,* 264 S.W.3d at 322–23. Under arti-

cle 1.15 of the Texas Code of Criminal Procedure, the State is, however, required to introduce evidence into the record to support the guilty plea. *Tijerina,* 264 S.W.3d at 323; *see* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). The State's supporting evidence must "embrace every essential element of the offense charged." *Tijerina,* 264 S.W.3d at 323 (quoting *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim. App.1996)). "So, while '[a] plea of guilty is an admission of guilt of the offense charged,' a conviction on such a plea is not authorized 'unless there is evidence offered to support such plea and the judgment to be entered.'" *Tijerina,* 264 S.W.3d at 323 (quoting *Dinnery v. State,* 592 S.W.2d 343, 351 (Tex.Crim.App.1980)).

■ We therefore review the record to determine whether the State introduced evidence of Torres' guilt with respect to the deadly weapon element of the charged aggravated assault. The State introduced into evidence its State's Exhibit No. 1, with attachments, consisting of: (1) a written "Waiver, Consent to Stipulation of Testimony and Stipulations" sworn to by Torres; (2) a supplemental offense report by Detective Sandoval reciting his observation of "what appeared to be cigarette burns on the upper part of [the complainant's] left arm by her shoulder;" and (3) an offense report by San Antonio Police Officer Fernandez reciting the complainant's statements about the assault, including that Torres "burnt her with a cigarette as he described her as [his] property and he was branding her." In the "Waiver, Consent to Stipulation of Testimony and Stipulations," Torres swears that he is the person named in the information, and judicially confesses that all the acts alleged in the information are "true and correct." Specifically, the information alleged, and Torres judicially confessed and admitted that, in Bexar County, Texas:

On or about the 22nd day of May, 2014, [he] did exhibit and display a deadly weapon, to wit: a lit cigarette, that in the manner of its use and intended use was capable of causing serious bodily injury and death, and [he] did intentionally, knowingly and recklessly cause bodily injury to [A.R.], hereinafter referred to as complainant, by placing the lit portion of the lit cigarette onto the body of the complainant.

By swearing that the allegations in the information were true, Torres judicially confessed to using a lit cigarette as a deadly weapon against the complainant. *See Dinnery,* 592 S.W.2d at 353; *Tijerina,* 264 S.W.3d at 324. A judicial confession satisfies the State's burden under article 1.15, and is alone sufficient to sustain a conviction on a guilty plea. *Tijerina,* 264 S.W.3d at 324. We therefore overrule Torres' sole issue on appeal.

Based on the foregoing reasons, we affirm the trial court's judgment.