

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00327-CR

Sergio Alejandro **MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 22-10-08396-MCR
Honorable Lisa Jarrett, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: August 28, 2024

DISMISSED

In this appeal, the trial court's certification states that the criminal case, "is a plea-bargain case, and the defendant has NO right of appeal." The certification further states, "[T]he defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

> . . . In a plea bargain case — that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only:

> (A)  those matters that were raised by written motion filed and ruled on before trial,
>
> (B)  after getting the trial court's permission to appeal, or
>
> (C)  where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).  While Rule 25.2(a)(2)(A) grants a defendant who pleads guilty as part of a plea bargain the right to appeal pretrial motions, the defendant may waive such a right, as long as the waiver is made "voluntarily, knowingly, and intelligently."  *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. art. 1.14; *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).[1]

The clerk's record in this appeal contains a written plea bargain, which provides in relevant part:

> The Defendant acknowledges that he understands that if the punishment assessed does not exceed the punishment recommended by the prosecuting attorney and agreed to by the Defendant and the defense attorney, the trial court must give its permission to the Defendant before the Defendant may pursue an appeal on any matter in the case, except for those matters raised by written motions filed and ruled upon before trial.

The clerk's record also contains a "Waiver of Motion for New Trial and Waiver of Appeal," which provides:

> The defendant in the above entitled and numbered cause, having been convicted of the offense of **AGGRAVATED SEXUAL ASSAULT OF A CHILD**, and sentenced therein, hereby expressly state as a fact that I have been full [sic] informed by the Judge of this court and by my attorney [*illegible*], and I know that I have the following legal rights which I hereby voluntarily, knowingly, intelligently, intentionally, willingly and specifically waive:
>
> (a)  The right to file a Motion for New Trial; and
>
> (b)  The right of an appeal by an attorney of my own choice, or if I am too poor to pay for such and attorney or the record on an appeal, the

---

[1] Article 1.14(a) of the Texas Code of Criminal Procedure provides that the "defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code." TEX. CODE CRIM. PROC. art. 1.14(a).

court will, without expense to me, provide me with such an attorney and a proper record for such an appeal.

With full understanding of the above, I hereby, in open court, intelligently, voluntarily, freely, intentionally and knowingly waive these rights and state that:

(1)     I do not desire any additional time to file a Motion for New Trial and do not desire to file a Motion for New Trial. and hereby expressly waive any additional time to file a Motion for New Trial and hereby expressly waive my right to file a Motion for New Trial;

(2)     I do not desire to appeal and hereby expressly waive any appeal in this case, and I withdraw any notice of appeal heretofore given by me;

And I hereby accept as final judgment of conviction and the sentence herein and I request and I be allowed to commence serving the same without further delay.

This waiver is signed by appellant and appellant's counsel.

On June 28, 2024, we issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by July 29, 2024. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).  In response, appellant filed a "Motion for Certificate of Appealability" with the trial court.  Appellant's motion referenced no legal authority. The trial court granted appellant's motion by written order signed on July 26, 2024.  On July 29, 2024, the State filed a "Motion to Reconsider Order Granting 'Certificate of Appealability.'"  The State's motion to reconsider generally argued that the trial court erred in granting appellant's motion and suggested that the trial court did not intend to "reverse its own ruling" as to the originally signed certification of the defendant's right of appeal.  On July 30, 2024, the trial court signed an order that provides in relevant part: "This Court therefore VACATES its July 26, 2024 order granting Defendant's 'Motion for Certificate of Appealability' and reconfirms that Defendant's case 'is a plea-bargain case, and defendant has NO right of appeal' and that 'the defendant has waived the right of appeal.'"  We conclude that the originally signed certification of

the defendant's right of appeal is accurate. *Cf. Torres v. State*, 493 S.W.3d 213, 217 (Tex. App.—San Antonio 2016, no pet.) ("[B]ased on the plain language of Rule 25.2(f) expressly permitting a trial court to amend a certification of right to appeal 'at any time before the appealing party's brief is filed,' we conclude the trial court had authority to sign the amended certification and that we have jurisdiction over the appeal.").

The record shows that the punishment assessed in this case by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). Although the clerk's record in this case contains written motions filed by appellant, appellant validly waived his right to appeal any rulings on these motions. *See Marsh*, 444 S.W.3d at 660. Furthermore, appellant has not identified with this court any statute that expressly authorizes the specific appeal. *See* TEX. R. APP. P. 25.2(a)(2). The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

"The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id*. at R. 25.2(d).

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH