

# NUMBER 13-24-00493-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO SUSTAITA JR.,                                        Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

## ON APPEAL FROM THE 389TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

The cause is before the Court on its own motion. On October 11, 2024, appellant filed a notice of appeal attempting to appeal a judgment of conviction for evading arrest or detention in trial court case number CR-1252-24-H in the 389th District Court of Hidalgo County, Texas. *See* TEX. PENAL CODE ANN. § 38.04(b)(1). We now dismiss the appeal for want of jurisdiction.

The trial court's certification of appellant's right of appeal states that the case is a plea bargain, appellant has no right of appeal, and appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). On October 15, 2024, we ordered appellant's counsel to review the record and determine whether the certification was correct. Appellant's counsel failed to respond, and accordingly, on February 12, 2025, we abated and remanded this matter to the trial court to make findings and recommendations concerning whether the certification is correct and whether appellant has the right to appeal. We directed the trial court to file its findings and conclusions, amended certification, if any, and any orders it might deem necessary in a supplemental clerk's record, and to file a supplemental reporter's record regarding the proceedings on remand.

We have now received the trial court's supplemental records, so we reinstate this appeal. On April 4, 2025, the trial court issued an order stating that: appellant timely filed a notice of appeal; appellant waived his right to appeal as part of an agreed punishment recommendation; the trial court certified that this case was a plea bargain and that appellant had waived his right to appeal; appellant was not abandoned by his trial counsel; appellant was advised of the effect of waiving his right to appeal; and new appellate counsel should not be appointed because appellant does not have the right to appeal. We further note that at the hearing on remand, appellant's appointed counsel advised the trial court that "in speaking to my client this morning, it does seem that he doesn't want to proceed with [the] appeal," and appellant testified directly that he is not pursuing the appeal.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. *See id.* R. 25.2(d), 37.1, 44.3; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Torres v. State*, 493 S.W.3d 213, 215 (Tex. App.—San Antonio 2016, no pet.); *Pena v. State*, 323 S.W.3d 522, 525–26 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). Accordingly, we dismiss this appeal for want of jurisdiction.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of April, 2025.