

# NUMBER 13-25-00019-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

GARY CURNOW,                                                      Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Fonseca
### Memorandum Opinion by Justice Fonseca

Appellant Gary Curnow was charged with possession of one gram or more but less

than four grams of methamphetamine (Count 1) and possession of a prohibited weapon

(Count 2), both third-degree felonies. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c);

TEX. PENAL CODE ANN. § 46.05(a)(1)(C), (e). After a trial, he was convicted on both counts.

As to Count 1, the jury found an enhancement paragraph true and sentenced appellant

to fifteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(a). Appellant filed a motion for new trial with respect to Count 2, which the trial court granted. After a second trial, he was convicted on Count 2 and was sentenced to two years' imprisonment per an agreement with the State. By a single issue on appeal, appellant contends his trial counsel provided ineffective assistance in the first trial by failing to file a motion to suppress certain evidence.

The trial court's certification of appellant's right to appeal, entered following conviction on Count 2, shows that appellant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Torres v. State*, 493 S.W.3d 213, 215 (Tex. App.—San Antonio 2016, no pet.); *Pena v. State*, 323 S.W.3d 522, 525–26 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *see Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006).

On August 25, 2025, we abated the appeal and directed appellant's counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification; and (4) if

counsel determines that appellant has a right to appeal, file a motion with this Court within thirty days identifying and explaining substantive reasons therefor.

On September 4, 2025, appellant's counsel filed a letter with this Court in accordance with our order. Counsel states that, after reviewing the supplemental clerk's record which was filed after conviction on Count 2, it is his opinion that appellant "did not retain a right to appeal his [j]udgment of conviction or the sentence imposed when he waived his right to appeal for an agreed upon sentence" on Count 2. Counsel did not advise this Court as to the existence of any additional or amended certification. Counsel has not filed a motion identifying or explaining substantive reasons why appellant has a right to appeal.

Under these circumstances, the Texas Rules of Appellate Procedure require us to dismiss the appeal. TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613; *Torres*, 493 S.W.3d at 215; *Pena*, 323 S.W.3d at 525–26. Accordingly, the appeal is hereby reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of September, 2025.