

# NUMBER 13-25-00264-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISIAH THOMAS MONTES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 138TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva**

Appellant Isiah Thomas Montes was charged by indictment for committing the offense of deadly conduct by discharging a firearm, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.05(b), (e). On March 10, 2025, appellant pleaded nolo contendere to the offense of deadly conduct, a Class A misdemeanor, pursuant to a plea bargain agreement. *See id.* § 22.05(a), (e). The trial court pronounced that it accepted the plea, deferred a finding of guilt, and placed appellant on deferred adjudication community

supervision for two years. On the same day, the trial court signed and entered its certification of appellant's right of appeal. The document indicated that the case was "a plea bargain case" and that the appellant had "[n]o right to appeal."

On April 15, 2025, the trial court signed its order of deferred adjudication. On May 12, 2025, appellant timely filed a notice of appeal attempting to appeal the trial court's order placing him on deferred adjudication. Appellant stated in his notice that he was appealing the "constructive denial" of a "pretrial Motion to Dismiss" and "a Plea of Double Jeopardy."

Generally, a defendant has the right to appeal from an order deferring adjudication of guilt and placing the defendant on community supervision. *See Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006). Though such an order does not involve the imposition or suspension of sentence, it is an appealable order. *See Donovan v. State,* 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). In *Hargesheimer*, the Texas Court of Criminal Appeals held that "in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." 182 S.W.3d at 913. Thus, Texas Rule of Appellate Procedure 25.2(a)(2) "will restrict appeal . . . when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea." *Id.* According to the court, "[u]nder this circumstance, the trial judge certifying the defendant's right of appeal

may designate the case on the certification form as 'a plea-bargain case, and the defendant has [no] right of appeal.'" *Id.* If, however, the defendant filed written motions that were ruled on before his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(A), or obtained permission from the trial court to appeal his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(B), then he would have a right to appeal. *Id.*

The clerk's record contains a written plea bargain agreement. Therefore, the clerk's record establishes that in placing appellant on deferred adjudication community supervision, the trial court complied with the plea bargain agreement. *See id.* The clerk's record also contains a motion to dismiss and motion entitled "Defendant's Plea of Double Jeopardy" filed by appellant. However, the clerk's record contains no order from the trial court which ruled upon these motions. *See id.*; TEX. R. APP. P. 25.2(a)(2)(A). Furthermore, the clerk's record does not indicate that the trial court gave appellant permission to appeal. *See Hargesheimer*, 182 S.W.3d at 913; TEX. R. APP. P. 25.2(a)(2)(B). The trial court's certification, therefore, appears to accurately reflect that this is a plea bargain case and that appellant does not have a right to appeal.[1] *See Hargesheimer*, 182 S.W.3d at 913.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Torres v. State*, 493 S.W.3d 213, 215 (Tex. App.—San Antonio 2016, no pet.);

---

[1] We have also determined that none of the matters appellant attempts to appeal in this case are expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2)(C).

*Pena v. State*, 323 S.W.3d 522, 525–26 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *see Hargesheimer*, 182 S.W.3d at 912.

As discussed supra, the trial court's certification of appellant's right to appeal shows he does not have the right to appeal. Under these circumstances, the Texas Rules of Appellate Procedure require us to dismiss the appeal. TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613; *Torres*, 493 S.W.3d at 215; *Pena*, 323 S.W.3d at 525–26. Accordingly, this appeal is hereby reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). Furthermore, we grant appellant's counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See id.* R. 48.4.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of October, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.