

# NUMBER 13-25-00589-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOSEPH MILTON MITCHUM,                               Appellant,

## v.

THE STATE OF TEXAS,                                     Appellee.

---

## ON APPEAL FROM THE 117TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice West**

On November 4, 2025, appellant Joseph Milton Mitchum filed a pro se notice of appeal regarding his judgment of conviction for the possession of child pornography in trial court cause number 23FC-3496B (S1) in the 117th District Court of Nueces County, Texas. *See* TEX. PENAL CODE § 43.26(d). The trial court's certification of appellant's right of appeal states that the matter is a plea bargain case, appellant has no right of appeal,

and appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). We dismiss the appeal for want of jurisdiction.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. *See id.* R. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Vasquez v. State*, 695 S.W.3d 556, 559 (Tex. App.—Houston [1st Dist.] 2023, pet. ref'd); *Torres v. State*, 493 S.W.3d 213, 215 (Tex. App.—San Antonio 2016, no pet.); *Pena v. State*, 323 S.W.3d 522, 525–26 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). A certification is defective if it is inaccurate when compared to the record, and appellate courts have a duty to review the record in ascertaining whether the certification is defective. *Marsh v. State*, 444 S.W.3d 654, 658 (Tex. Crim. App. 2014); *Dears*, 154 S.W.3d at 615.

On December 2, 2025, we ordered appellant's counsel to review the record and determine whether the trial court's certification of appellant's right of appeal was correct. Appellant's court-appointed counsel advised the Court that appellant did not have a right of appeal. However, upon review of the documents before us, we determined that there

2

appeared to be a potential conflict between appellant and his court-appointed counsel that might necessitate the appointment of new counsel. Accordingly, we abated and remanded this case to the trial court, and we directed the trial court to determine, *inter alia*, whether appellant was entitled to new court-appointed counsel. *See Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd).

On remand, the trial court appointed new appellate counsel for appellant. We reinstated the appeal, and by order issued on January 5, 2026, we directed appellant's newly appointed counsel to: (1) review the record; (2) determine whether appellant has the right of appeal; and (3) provide this Court with counsel's findings as to whether appellant has a right to appeal and whether the trial court has issued an amended certification. *See* TEX. R. APP. P. 44.3, 44.4; *Dears*, 154 S.W.3d at 614–15; *Carroll v. State*, 119 S.W.3d 838, 841 (Tex. App.—San Antonio 2003, no pet.). On February 2, 2026, appellant's newly appointed counsel advised the Court that appellant has no right of appeal as correctly reflected in the trial court's certification.

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed. As stated previously, the trial court's certification of appellant's right of appeal shows that appellant does not have the right to appeal, and the record before the Court supports that determination. Under these circumstances, the Texas Rules of Appellate Procedure require us to dismiss the appeal. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613;

*Vasquez*, 695 S.W.3d at 559; *Torres*, 493 S.W.3d at 215; *Pena*, 323 S.W.3d at 525–26.

Therefore, we dismiss this appeal for want of jurisdiction.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of March, 2026.