

# NUMBERS 13-26-00389-CR, 13-26-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STACY SMITH,                                                                   Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and Cron
### Memorandum Opinion by Justice Cron

Appellant Stacy Smith filed a pro se notice of appeal from trial court cause numbers 26FC-0590C and 26FC-0591C in the 94th District Court of Nueces County, Texas, docketed respectively in our appellate cause numbers 13-26-00389-CR and 13-26-00390-CR. We address both cases in one memorandum opinion in the interests of judicial economy and efficiency. We dismiss these appeals for lack of jurisdiction.

## I.   APPELLATE CAUSE NUMBER 13-26-00389-CR

In our appellate cause number 13-26-00389-CR, the trial court certified that "Defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. *See id.* R. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Vasquez v. State*, 695 S.W.3d 556, 559 (Tex. App.—Houston [1st Dist.] 2023, pet. ref'd); *Torres v. State*, 493 S.W.3d 213, 215 (Tex. App.—San Antonio 2016, no pet.); *Pena v. State*, 323 S.W.3d 522, 525–26 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005).

On May 18, 2026, the Court ordered appellant's counsel to review the record and determine whether appellant had a right to appeal. *See* TEX. R. APP. P. 25.2(d), 37.1, 44.3, 44.4. On June 1, 2026, appellant's court-appointed counsel advised the Court that: "Based on counsel's review of the entire record and review of applicable law, [counsel] is of the opinion that [appellant] does not have a right to appeal because [appellant] has waived his right to appeal."

2

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. *See id.* R. 25.2(d); *Dears*, 154 S.W.3d at 613; *Vasquez*, 695 S.W.3d at 559; *Torres*, 493 S.W.3d at 215; *Pena*, 323 S.W.3d at 525–26.

## II. APPELLATE CAUSE NUMBER 13-26-00390-CR

On May 18, 2026, in our appellate cause number 13-26-00390-CR, the Clerk of the Court notified appellant's counsel that it appeared that there was no final, appealable judgment. *See* TEX. R. APP. P. 26.2, 37.1, 42.3(a). The Clerk notified appellant that the appeal would be dismissed if the defect was not corrected within thirty days from receipt of the notice. In response, appellant's counsel advised the Court that trial court cause number 26FC-0591C was "no[t] charged because it was consolidated with cause number 26FC-0590C." Appellant's counsel thus informed the Court that "there is nothing to appeal in this case," and "the appeal should be dismissed."

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. *See* TEX. CODE CRIM. PROC. art. 44.02 (addressing a defendant's right to appeal in a criminal case); TEX. R. APP. P. 25.2(a)(2) (stating that a criminal defendant "has the right of appeal under [Texas] Code of Criminal Procedure article 44.02 and these rules"); *see also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *Wilson v. State*, 644 S.W.3d 761,

3

762 (Tex. App.—Austin 2022, no pet.). Therefore, we dismiss this appeal for lack of jurisdiction.

### III.  CONCLUSION

We dismiss each of these appeals for lack of jurisdiction.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
18th day of June, 2026.